# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No: |
| | ) | |
| | ) | |
| | ) | Judge: |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| GEORGE DODRILL | ) | |
| 105 SWANEY CT. | ) | |
| MARIETTA, OH 45750 | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, the United States of America, by and through undersigned counsel, hereby sets forth its Complaint against the Defendant and states as follows:

## I.    JURISDICTION AND VENUE

1.  This court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

2.  Defendant George Dodrill (hereinafter 'Mr. Dodrill') is an individual who upon information and belief maintains a primary residence in Washington County, Ohio within the territorial jurisdiction of this Court, and may be served process at 105 Swaney Ct. Marietta, OH 45750.

## II. COUNT ONE-ACTION FOR BREACH OF NATIONAL HEALTH SERVICE CORPS SCHOLARSHIP PROGRAM CONTRACT

3. Paragraphs 1 and 2 of the Complaint are hereby realleged as if fully rewritten herein.

4. Mr. Dodrill submitted an application and signed a contract to participate in the National Health Service Corps Scholarship Program (hereinafter 'NHSC/SP'). He was approved to receive a scholarship award for the 1993-1994; 1994-1995; and 1995-1996 school years. The funds received totaled $64,659.00 representing tuition fees, monthly stipends, and other reasonable educational costs. A true and accurate copy of the NHSC/SP Contracts and Scholarship Disbursement is attached as **Exhibit A.**

5. The NHSC/SP was conditional upon Mr. Dodrill serving one year of obligated service for each year of scholarship support, with a minimum obligation of two years full-time clinical service in a health professional shortage area assigned by the Department of Health and Human Services (hereinafter 'HHS').

6. On February 12, 1996, the NHSC Program was notified by Alderson-Broaddus College that Mr. Dodrill was enrolled as a part-time student for the Spring 1996 semester and not enrolled as a full-time medical student.

7. Thereafter, Mr. Dodrill was advised that he must be enrolled as a full-time student, pursuing his physician assistant degree, for him to receive NHSC scholarship support. He was further advised that as a result of his change in status to part-time, his scholarship support would be suspended effective March 01, 1996, and that if he failed to return as a

full-time student within 1 year, he would be declared in default of his scholarship contract.

8. In June 1999, HHS confirmed that Mr. Dodrill's last day attending Alderson-Broaddus College was July 26, 1997. Mr. Dodrill never returned or graduated from the College. Therefore, he was in breach of the NHSC/SP contract with an effective date of July 27, 1997.

9. Mr. Dodrill was informed that HHS verified his enrollment status at Alderson-Broaddus College during the 1996-1997 academic year. He was invited to request a waiver of his scholarship obligations by providing relevant medical and financial information. Mr. Dodrill provided the requested information and requested a waiver of the scholarship obligations. On December 20, 1999, HHS informed Mr. Dodrill that his request for a waiver was denied.

10. In April 2001, Mr. Dodrill made a second request for a waiver of the scholarship obligations. On June 29, 2001, HHS informed Mr. Dodrill that his second request for a waiver was denied.

11. Following the second denial of a request for a waiver of the scholarship obligations, Mr. Dodrill executed a Repayment Agreement in which he acknowledges the debt and agrees to submit monthly payments in the amount of $100 per month, subject to an increase at the request of HHS. A true and accurate copy of the Repayment Agreement is attached as **Exhibit B.**

12. Mr. Dodrill proceeded to submit the monthly payments under the Repayment Agreement. In March 2003, HHS advised Mr. Dodrill of its intent to increase the monthly payments under the Repayment Agreement. Mr. Dodrill indicated that he could not increase the monthly payments.

13. In December 2003, following a bankruptcy filing,[1] Mr. Dodrill made a third request for a waiver of the scholarship obligations. On July 23, 2004, HHS informed Mr. Dodrill that his third request for a waiver was denied.

14. HHS continued to accept Mr. Dodrill's monthly payments, despite requesting an increase of the same per the Repayment Agreement. Mr. Dodrill submitted a total of $15,220.00 in voluntary payments under the Repayment Agreement. The last monthly payment from Mr. Dodrill was received on October 18, 2013.

15. Pursuant to 42 U.S.C. 254o(a)(1)(c), if an individual voluntarily terminates training in an educational institution for which a scholarship is provided before completion of such training, in lieu of any service obligation, the individual shall be liable to the United States for the scholarship amounts received. In accordance with 42 C.F.R. 62.10(b), the debt must be paid within three (3) years of the individual's default date. If the debt remains unpaid after the 3-year repayment period, interest is assessed pursuant to 45 C.F.R. 30.13(a).

---

[1] The subject debt is non-dischargeable in bankruptcy.

16. Mr. Dodrill has been advised that his account was placed in a default status. Demand has been made for payment of the indebtedness based on his breach of the NHSC-SP Contract. Mr. Dodrill has neglected and failed to pay the same in full.

17. Following the application of partial payments, credits, and offsets in the amount of $22,593.38 that have been applied to the account, the debt owed to the United States of America is as follows:

| | | |
|---|---|---|
| A. | Current Principal *(after application of all prior payments, credits, and offsets)* | $ 64,659.00 |
| B. | Current Capitalized Interest Balance and Accrued Interest | $205,250.36 |
| C. | Administrative Fee, Costs, Penalties | $ 0.00 |
| | **Total Owed** | **$269,909.36** |

The Certificate of Indebtedness, attached as **Exhibit C**, shows the total amount due and owing on the account. The principal balance and interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits and offsets. Prejudgment interest accrues at the rate of 13.250% per annum. The interest accrues at $23.47 per day.

WHEREFORE, the USA prays for judgment:

a. For judgment in favor of the United States of America and against Defendant George Dodrill for the sum of $269,909.36, plus statutory interest and penalty that continues to accrue from February 28, 2026;

5

b. An amount equal to the filing fee prescribed in 28 U.S.C. §1914 (a) pursuant to 28 U.S.C. §2412 (a) (2);

c. Any additional attorney's fees and costs incurred in this action; and

d. For such other relief as the Court deems just and proper

Date: 3 – 18 – 26

Respectfully submitted,

*/s/ Thomas L. Sooy, Esq.*

Thomas L. Sooy, Esq. (0087865)
The Law Offices of Robert A. Schuerger Co., LPA
Private Counsel, United States Department of Justice
1001 Kingsmill Parkway
Columbus, OH 43229
PH: 614-674-6902
Thomas.sooy@usdoj.gov
efiling@schuergerlaw.com
*Attorney for Plaintiff*